

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-24-00156-CR

___

JOE LEMEUL SIMMONS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

___

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 33,377-C, Honorable Ana Estevez, Presiding

___

June 26, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

On November 8, 2023, Appellant, Joe Lemeul Simmons, entered a guilty plea to two counts of aggravated sexual assault of a child.[1]  The trial court deferred a finding of guilt and placed him on deferred adjudication community supervision for a period of ten years.  It also assessed a fine.  On November 20, 2023, the State filed a motion to proceed with adjudication of guilt.  The State alleged Appellant failed to comply with the condition

---

[1] *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(v), (a)(2)(B).

of his community supervision order which prohibited Appellant from going in, on, or within 1,000 feet of a premises where children commonly gather. Appellant pleaded "not true" to the allegation. After presentation of the evidence, the trial court found the allegation to be true, adjudicated Appellant guilty of both counts, and sentenced him to thirty years' imprisonment on both counts, with sentences to run consecutively. Appellant timely appealed from the judgments adjudicating his guilt.

Appellant's court-appointed appellate counsel filed a motion to withdraw supported by an *Anders*[2] brief. We grant counsel's motion, modify the judgments, and affirm the judgments as modified.

In support of her motion to withdraw, counsel has certified that she has conducted a conscientious examination of the record and, in her opinion, the record reflects no reversible error upon which an appeal can be predicated. *Id*. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, the record presents no reversible error. In a letter to Appellant, counsel notified him of the motion to withdraw; provided him with a copy of the motion, *Anders* brief, and motion to access the appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of his right to

---

[2] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

file a pro se response to counsel's *Anders* brief and provided him a copy of the appellate record. Appellant has not filed a response. The State has not filed a brief.

By her *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal, but we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our careful review of the appellate record and counsel's brief, we conclude that there are no grounds for appellate review that would result in reversal of Appellant's conviction or sentence.

Although not an arguable issue, the trial court's judgments incorrectly state that Appellant pleaded "true" to the allegation in the State's motion to adjudicate. The record shows that Appellant pleaded "not true." Appellate courts may modify a trial court's judgment and affirm it as modified. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). A court of appeals has the authority to correct and reform a judgment to make the record speak the truth when it has the information to do so. *Blackstock v. Dudley*, 12 S.W.3d 131, 139 (Tex. App.—Amarillo 1999, no pet.). Accordingly, we modify the sections of the judgments titled "Plea to Motion to Adjudicate" to read "Not True."

We grant counsel's motion to withdraw and affirm the trial court's judgments as modified.[3]

Judy C. Parker
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.